UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSEPH WILLIAMS-BEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-152 RM |
| v. ) | |
| ) | |
| MICHAEL K. BROOKS, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

This matter is before the court *sua sponte* to reconsider its order granting Joseph Williams-Bey, a *pro se* prisoner, leave to proceed *in forma pauperis* on appeal. When the court issued that order, it was unaware that Mr. Williams-Bey had accumulated five strikes before he filed the notice of appeal in this case. A prisoner may not bring a civil action or appeal *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision.

The records of the United States District Court for the Northern District of Indiana establish that the disposition of four cases and one appeal filed by Mr. Williams-Bey qualify as "strikes" within the meaning of §1915(g):

     (1) <u>Williams-Bey v. Robert</u>, 3:04-CV-469, dismissed pursuant to 28 U.S.C. § 1915A on July 26, 2005;

     (2) <u>Williams-Bey v. Roberts</u>, 4:04-CV-051, dismissed pursuant to 28 U.S.C. § 1915A on September 9, 2004;

     (3) <u>Williams-Bey v. Robert</u>, 04-3320, appeal dismissed on November 4, 2004 after district court found appeal not in good faith;

     (4) <u>Williams-Bey v. Gould</u>, 3:05-CV-050, dismissed pursuant to 28 U.S.C. § 1915A on March 3, 2005;

     (5) <u>Williams-Bey v. Brooks</u>, 3:05-CV-152, dismissed pursuant to 28 U.S.C. § 1915A on March 18, 2005; and

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" <u>Abdul-Wadood v. Nathan</u>, 91 F.3d 1023, 1025 (7th Cir. 1996). Mr. Williams-Bey's appeal from the dismissal of his complaint seeking monetary damages for not protecting him from an attack which did not occur does not qualify as an allegation that he is currently under imminent danger of serious physical injury.

Mr. Williams-Bey may still proceed with this action, but to do so he must pay the full amount of the filing fee.

For the foregoing reasons, the court:

     (1) **DENIES** the petitions for leave to proceed on appeal *in forma pauperis* (docket ## 10 and 13);

     (2) **GRANTS** the plaintiff to and including June 30, 2005, within which to pay the $255.00 filing fee, and

(3) **ADVISES** him that if he does not pay the filing fee by that date, this appeal may be dismissed without further notice without affecting his obligation to pay the filing fee in installments.

SO ORDERED.

ENTERED: June  6 , 2005

                                      /s/ Robert L. Miller, Jr.
                                      Chief Judge
                                      United States District Court